UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOREEN DELCORE,

    Plaintiff,

  v.

CONVERGENT OUTSOURCING
INC, *et al.,*

    Defendants.

CASE NO. 2:21-cv-00184-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: May 21, 2021

  This matter is before the Court on referral from the District Court (Dkt. 7) and on defendant LVNV Funding, LLC's motion to dismiss or transfer this case to the Eastern District of New York. Dkt. 6.

  Plaintiff brings suit against a Delaware-based and a Washington State-based debt collector, arguing that a letter she received from the Washington State-based debt collector violated the Fair Debt Collection Practices Act ("FDCPA"). However, plaintiff (a New York resident) has failed to meet her burden to allege that venue in this District is appropriate. She argues that because one defendant has its principal place of business in Washington State, venue

1   is appropriate in this District—but based on the allegations of her complaint, venue is not

2   appropriate here and is appropriate in the Eastern District of New York, where a substantial part

3   of the events giving rise to her claims occurred.  The Court should therefore grant the motion to

4   transfer the matter to the Eastern District of New York (where venue is appropriate) and should

5   otherwise deny the remainder of defendants' motion to dismiss or transfer.

6                                          **BACKGROUND**

7           Plaintiff, represented by a New York attorney (Dkt. 1, at 13), brought this suit in

8   February 2021.  Dkt. 1, at 1.  Plaintiff is a resident of Kings County, New York; defendant

9   Convergent is allegedly a Washington State corporation with its principal place of business in

10  King County, Washington; and defendant LVNV is allegedly a Delaware limited liability

11  company with its principal place of business in New Castle County, Delaware.  Dkt. 1, at 2.

12          Plaintiff alleges that defendant LVNV hired defendant Convergent to collect a debt

13  allegedly owed by plaintiff and acquired by LVNV.  Dkt. 1, at 3.  Plaintiff alleges that

14  defendants mailed a letter to her dated August 17, 2020.  Dkt. 1, at 3.  Plaintiff attaches a portion

15  of the letter to her complaint; the letter has a Pennsylvania return address and lists defendant

16  Convergent, including its Washington State address.  Dkt. 1-1, at 1.  The letter cites New York

17  law.  *See* Dkt. 1-1.  Plaintiff alleges that various statements in this letter violated the FDCPA.

18  *See* Dkt. 1, at 4.  She also seeks to certify a class of other, similarly situated New York residents

19  who received a substantially similar letter.  *See* Dkt. 1, at 11.

20          Defendants now move to have the matter dismissed for lack of personal jurisdiction and

21  improper venue or, alternatively, transferred to the Eastern District of New York.  *See* Dkt. 6.

22

23

24

1  Briefing is complete on the motion, and the matter is ripe for decision.

2  **DISCUSSION**

3  **I. Venue**

4  Plaintiff has the burden of establishing venue. *Piedmont Label Co. v. Sun Garden*

5  *Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). The Court resolves all factual disputes and

6  makes all reasonable inferences in favor of the non-moving party on a Rule 12(b)(3) motion to

7  dismiss. *See Murphy v. Schneider Nat., Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

8  Venue is generally appropriate in—

9  (1) a judicial district in which any defendant resides, if all defendants are residents
   of the State in which the district is located;
10  (2) a judicial district in which a substantial part of the events or omissions giving
   rise to the claim occurred, or a substantial part of property that is the subject of the
11  action is situated; or
   (3) if there is no district in which an action may otherwise be brought as provided
12  in this section, any judicial district in which any defendant is subject to the court's
   personal jurisdiction with respect to such action.

13

14  28 U.S.C. § 1391(b).

15  Plaintiff's argument—and the Court's analysis—focuses on section (2). Dkt. 10, at 10;

16  *see also* Dkt. 1, at 2. In plaintiff's response to the motion to dismiss, she argues that "[t]he

17  placement of the account by LVNV with Convergent and the review and generation by

18  Convergent of the collection letter at issue all occurred within Washington." Dkt. 10, at 11.

19  In general, courts have held that an FDCPA claim may be brought in the district where a

20  plaintiff received the offending debt collection letter. *See, e.g.*, *Maloon v. Schwartz, Zweban &*

21  *Slingbaum, LLP*, 399 F. Supp. 2d 1108, 1114 (D. Haw. 2005). So, too, in the Second Circuit.

22  *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992). Here, plaintiff received the

23

24

REPORT AND RECOMMENDATION - 3

1   letter in the Eastern District of New York.

2   However, plaintiff asserts in her response to the motion to dismiss that "the review and

3   generation by Convergent of the collection letter at issue all occurred within Washington." Dkt.

4   10, at 11. In considering this argument the Court takes as true plaintiff's factual allegations in

5   her complaint: specifically, the Court observes that plaintiff attaches the letter at issue to her

6   complaint and that the letter has a Pennsylvania return address. *See* Dkt. 1-1, at 1. Plaintiff's

7   complaint otherwise does not allege that the letter was sent from Washington State. Thus,

8   plaintiff's account of the facts and the reasonable inferences therefrom fail to support her

9   argument that the letter was generated in Washington State.

10  Plaintiff alternatively argues that venue is appropriate in this jurisdiction because "[t]he

11  placement of the account" occurred within Washington. Dkt. 10, at 11. But the complaint

12  alleges that defendant LVNV held the account and that defendant Convergent was hired to

13  collect the debt. *See* Dkt. 1, at 3; *see also* Dkt. 1-1, at 1 (the letter, which states that the current

14  creditor is LVNV). Moreover, plaintiff's claims for relief rely on allegations that the letter

15  contained false information or information that otherwise violated the FDCPA. *See* Dkt. 1, at 4–

16  11. Thus, plaintiff makes no allegations and provides no evidence tending to support her

17  argument that the "placement of the account" shows that Washington State is the District in

18  which a substantial part of the events giving rise to her claims occurred or where a substantial

19  part of the property at issue is situated. *See* 28 U.S.C. § 1391(b)(2).

20  Where venue is not appropriate, and if it is "in the interest of justice," a Court shall

21  transfer the case to a district in which it could have been brought. 28 U.S.C. § 1406(a). As

22  noted above, one appropriate venue for this action is in the Eastern District of New York, where

23  plaintiff allegedly received the letter. *See* Dkt. 1, at 2–3. The parties do not dispute that this

24

1    action could be brought in that District.

2        This leaves the question of whether transfer to that District serves the interest of justice.

3    Generally when deciding whether transfer would be in the interests of justice, the

4    relevant factors "are the same as those applicable to Section 1404(a)." *Billing v. CSA-Credit*

5    *Sols. of Am., Inc.*, No. 10-cv-0108 BEN (NLS), 2010 WL 2542275, at *5 (S.D. Cal. June 22,

6    2010).  The Court may consider the following:  (1) the location of events, (2) the state that is

7    most familiar with the governing law, (3) plaintiff's choice of forum, (4) the respective parties'

8    contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen

9    forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of

10   compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of

11   access to sources of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir.

12   2000).

13       Plaintiff is a New York resident seeking to bring claims on behalf of a class of New York

14   residents.  Dkt. 1, at 11.  The letter giving rise to her lawsuit (which she received in New York)

15   bears a return address of Pennsylvania.  Dkt. 1-1.  Her alleged debt appears to be owned by a

16   Delaware company, who she states contracted with a Washington company for collection.

17   Plaintiff relies on New York law in portions of her complaint.  *See* Dkt. 1, at 6.

18       Based on these circumstances, the Court finds that factors (1), (2), (4), and (5) from

19   *Jones*, above, weigh in favor of venue in the Eastern District of New York.  Regarding factors

20   (6) through (9), plaintiff argues that litigation costs would be higher in New York than

21   Washington.  But the Court is not inclined to agree:  plaintiff seeks to bring a class action on

22   behalf of New York residents against two companies, one of which is based in Delaware.

23   Finally, regarding factor (3), plaintiff's choice of forum is not appropriate and the Court does not

24

understand plaintiff to argue that given the choice between transfer and dismissal entirely, plaintiff would prefer dismissal.  In short, the undersigned recommends that the District Court deny the request to dismiss this case for improper venue and instead transfer the matter to the Eastern District of New York.

Because this action should be transferred, the Court recommends denial without prejudice of the alternative argument to dismiss defendant LVNV for lack of personal jurisdiction.

## CONCLUSION

For the reasons set forth above, the Court recommends granting the motion to dismiss or transfer in part and denying it in part.  *See* Dkt. 6.  Specifically, the Court should deny without prejudice the requests to dismiss the action or any defendant for lack of personal jurisdiction and should direct the Clerk to transfer this action to the Eastern District of New York.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 21, 2021,** as noted in the caption.

Dated this 6th day of May, 2021.

J. Richard Creatura
Chief United States Magistrate Judge